UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-09513-SVW (SK) | Date | December 16, 2019 |
|---|---|---|---|
| Title | Henry C. Hayes v. California Department of Corrections and Rehabilitation et al. | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge | |
|---|---|---|
| Connie Chung | | n/a |
| Deputy Clerk | | Court Smart / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None present | | None present |

**Proceedings:** (IN CHAMBERS) **SCREENING ORDER**

Plaintiff is a California state prisoner suing under 42 U.S.C. § 1983 for events arising from a prison contraband cellphone search. (ECF 1 at 9-14). He alleges that the search was illegal because prison officials performed it without a warrant, and he challenges the prison disciplinary process that resulted from the discovery and search of his cellphone. (*Id.* at 9-14, 15-17, 22-31). But because Plaintiff is a prisoner seeking redress from government entities and employees, the Court must screen his complaint to "identify cognizable claims" from those that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b)(1)-(2) (2012). None of Plaintiff's claims appear cognizable.

A. <u>The State Entities and Individuals in Their Official Capacities are Immune from Suit</u>

The California Department of Corrections and Rehabilitation ("CDCR"), the state prison where Plaintiff was incarcerated, and the CDCR agency that extracted data from his cellphone are immune from suit under the Eleventh Amendment. *See Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472-74 (1987); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 99-100, 106 (1984). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court[.]" *Dittman v. California,* 191 F.3d 1020, 1025-26 (9th Cir. 1999) (citation omitted); *see Quern v. Jordan,* 440 U.S. 332, 338-42 (1979) (Section 1983 does not override states' Eleventh Amendment immunity); *Brown v. California Dep't. of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (CDCR is an arm of the state under Eleventh Amendment immunity). Thus, Plaintiff's claims against these Defendants cannot survive.

Likewise, Plaintiff's claims for damages against individual prison officials in their official capacities are also barred by the Eleventh Amendment. A "suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and thus "is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). So state officials sued in their official capacities for

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-09513-SVW (SK) | Date | December 16, 2019 |
|----------|------------------------|------|-------------------|
| Title | Henry C. Hayes v. California Department of Corrections and Rehabilitation et al. |

damages are also entitled to Eleventh Amendment immunity. *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016); *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007).

B. <u>Plaintiff Lacks Standing to Sue the Individuals for Prospective Injunctive Relief</u>

Plaintiff's claims for injunctive relief against the individually named defendants in their official capacities are procedurally deficient. If he is seeking retrospective injunctive relief, a § 1983 action cannot provide it. *See Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002); *see also Bell v. City of Boise*, 709 F.3d 890, 895-96 (9th Cir. 2013) (request for order compelling expungement of state criminal records seeks retrospective relief). And even if Plaintiff is seeking prospective injunctive relief, *see Flint*, 488 F.3d at 825, he lacks standing to seek that kind of relief here because he has alleged no facts plausibly showing that he faces a likely threat of future injury from the same past conduct. *See Gratz v. Bollinger*, 539 U.S. 244, 284 (2003) ("To seek forward-looking, injunctive relief, petitioners must show that they face an imminent threat of future injury."); *Sample v. Johnson*, 771 F.2d 1335, 1340 (9th Cir. 1985) (plaintiffs "must demonstrate that a 'credible threat' exists that they will again be subject to the specific injury for which they seek injunctive or declaratory relief." (citation omitted)); *Wilson v. Terhune*, 319 F.3d 477, 481 (9th Cir. 2003) (adverse effects from RVR not presumed); *Johnson v. Gower*, 2013 WL 3332810, at *3 (E.D. Cal. July 1, 2013) (ongoing consequences of RVR are speculative). As a result, the official capacity claims against the individual defendants for injunctive relief are subject to dismissal. *See Bank of Lake Tahoe v. Bank of Am.*, 318 F.3d 914, 916, 918 (9th Cir. 2003).

C. <u>Plaintiff's Personal-Capacity Claims Are Not Cognizable as Pled</u>

Even though Plaintiff may sue the individual prison officials *in their personal capacities*, *see Mitchell*, 818 F.3d at 442, his personal-capacity claims still fail to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1); Fed. R. Civ. P. 12(b)(6).

First, Plaintiff cannot state a Fourth Amendment claim because prisoners have no reasonable expectation of privacy in using contraband cellphones. *See Hudson v. Palmer,* 468 U.S. 517, 525-26 (1984); *see also Shea v. United States*, 2018 WL 3750975, at *5 (D. Nev. Apr. 16, 2018) ("Prison inmates do not . . . have a reasonable expectation of privacy for communications made by cellular telephone during their incarceration."), *adopted by* 2018 WL 3747282 (D. Nev. Aug. 7, 2018); *United States v. York*, 2017 WL 5068143, at *4 (E.D. Cal. Sept. 29, 2017) (noting same); *cf. United States v. Johnson*, 875 F.3d 1265, 1274-75 (9th Cir. 2017) (warrantless search of parolee's cellphone reasonable because parolee has limited Fourth Amendment privacy rights).

Second, Plaintiff cannot state a Fourteenth Amendment procedural due process claim because he has alleged no actionable deprivation of a protected liberty interest. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). For starters, the punishment Petitioner received in his

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-09513-SVW (SK) | Date | December 16, 2019 |
|----------|------------------------|------|-------------------|
| Title | Henry C. Hayes v. California Department of Corrections and Rehabilitation et al. |

disciplinary proceeding—loss of good time credits—was vacated on administrative appeal because the hearing was not held in time under state regulations. (ECF 1 at 39-41). That Plaintiff had to endure what turned out to be a procedurally barred hearing is not enough to allege a procedural due process violation. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure."); *Padilla v. Nevada*, 2010 WL 3463617, at *4 (D. Nev. Aug. 25, 2010) (Due Process Clause "does not federalize state-law procedural requirements" (citation omitted)), *aff'd sub nom. Padilla v. Brooks*, 540 F. App'x 805 (9th Cir. 2013); *Ransom v. Herrera*, 2016 WL 7474866, at *1, *6 (E.D. Cal. Dec. 28, 2016) (dismissing due process claim because plaintiff was exonerated of charges and not subjected to additional punishment because of them), *adopted by* 2017 WL 1166284 (E.D. Cal. Mar. 28, 2017). Moreover, the mere fact that—after the defective hearing—prison officials interviewed him, took photographs, and searched his prison cell does not amount to a due process claim. *See Slavick v. Colotario*, 2018 WL 6597214, at *6 (D. Haw. Dec. 11, 2018) (ordinary prison procedures do not violate due process unless they impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

\* \* \* \* \* \* \* \* \*

For all these reasons, Plaintiff is **ORDERED TO SHOW CAUSE** on or before **January 16, 2020**, why his complaint should not be dismissed. To discharge this order, Plaintiff must do **one** of the following:

(1) File a First Amended Complaint ("FAC") curing all the deficiencies described in this order. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (leave to amend should be granted to pro se plaintiff to correct curable pleading defects). The FAC must be complete in itself, as it will supersede the original complaint.

(2) File a Response stating that Plaintiff wants to stand on the original complaint and providing reasons why the complaint is not deficient as described in this order.

(3) File a Voluntary Dismissal without prejudice using the attached form CV-09, if Plaintiff cannot cure the deficiencies described in this order. *See* Fed. R. Civ. P. 41(a). Prisoner complaints dismissed voluntarily do not count as strikes under 28 U.S.C. § 1915(g), which caps the number of federal civil rights lawsuits prisoners may file in their lifetime without prepayment of filing fees.

If Plaintiff files either an amended complaint that does *not* cure the deficiencies described in this order or an inadequate response to this order, the Court will recommend that this action be dismissed for the reasons in this order. If Plaintiff fails to take one of the required actions on time, this action may also be dismissed involuntarily for failure to prosecute. *See* Fed. R. Civ. P. 41(b); L.R. 41-1.